O’Neall, J.
delivered the opinion of the Court.
This Court concurs in the position assumed by the Judge below, in ordering the nonsuit; but as it has been pressed with great ingenuity, by the counsel in favor of the motion, that the decision conflicts with the case of Ingram v. Porter, 4 M’C. 198, it is proper that the view of the Court should be more fully expressed.
The case of Ingram v. Porter, decides, that where the habendum of the deed is wholly inconsistent with the premises, it must be rejected ; on the old and familiar principle, that the first part of a deed shall prevail over, and control, a subsequent clause inconsistent with it. But this is in some degree a technical rule, applicable to deeds alone : in all other cases of papers inter vivos, the intention of the parties is to be collected from the whole instrument. It never was intended that that case should con *590 slitute any guide in cases of parol gifts. The character of a gift depends upon the intention of the parties at the time when it was made ; and the intention is to be gathered from all which was then said and done.
Possession is prima facie evidence of the right to personal property, and nine times out of ten it is the only evidence. To constitute a gift, there must be an actual or constructive delivery of possession, so as to confer a right to present enjoyment. If the donor delivers a chattel to one, to be taken possession of a year'bence; this is nothing more than a voluntary undertaking to give it at that time, and cannot be enforced either as a gift, or as a contract. The case before us, is exactly the case supposed, in principle. The donor gave the slave to the plaintiff as bis right and property, but reserved the use, during the life of himself and wife. It is, when stripped of unnecessary words, the same as if he had said, “at the death of myself and wife, I give you this slave.” Such a gift has, 1 think, hardly ever before been attempted to be set up. But it is said the gift was complete by the words, “ I give you this slave as your own right and property ;” and that the subsequent reservation, of the use during life, must be rejected as inconsistent with it. I know of no rule which would authorize such a course. The whole which the donor said or did, at the time of the gift, must be taken together, to ascertain that he intended to give, and in what manner he intended it to take effect. ’ This being done, if it appear that his intended gift is contrary to law, he is not bound by it, and nothing passes to his supposed donee.
But let it be supposed that this gift had been made by deed, and the whole gift as proved by the witnesses had been set out in the premises. The whole must have been taken together, and no part could have been rejected, for it constitutes the gift, as the donor intended it to take effect. Such a paper would have been testamentary, and a sale, as in this case, would have revoked it. 2 Ld. Raym. 1282. The case of Ragsdale v. Bowker, in Equity, decided by the Court of Appeals, at Columbia, in 1827, is an authority in support of the position, that such a paper would be testamentary, and that a sale was a revocation. The terms of the gift as set out in the deed in that case, are, “ 1, John H. Ragsdale, in consideration of the natural love and affection which I have and do bear to my six children, *591 (naming them,) do hereby give to my above name) children at my deatli, free and clear from all incumbrances, to them and their heirs forever, the following property, viz : (describing several slaves,) to be equally divided between them, my above named children and their heirs ; I only reserve my life in the said negroes. I do hereby revoke, disallow, and disannul, all former gifts, bequests, &c. ; but I do give the above named negroes, with their future increase, to my above named six children, and their heirs forever.” In this case, the Court of Appeals held the deed to be testamentary; aud Judge Nott, in delivering the opinion remarks, “ The right of property was not changed. It still remained the property of the donor, and was subject to his debts.” In the case under consideration, I must come to the same conclusion ;• and the same consequences must necessarily follow. •
The doctrine in favor of parol gifts has been extended quite far enough, and I am not disposed to give them any farther aids. All the policy of the law is against sustaining such a gift, as the one now attempted to be supported. It would be throwing open a wide door to fraud, and its necesssayy consequence, litigation.
Johnson, J. and Martin, J. sitting for Harter, J. concurred.
Motion refused.